IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Sharon Wilson,<br>obo MJS,<br><br>                         Plaintiff,<br><br>v.<br><br>Nancy A. Berryhill, Acting Commissioner<br>of Social Security,<br><br>                         Defendant. | Civil Action No. 4:16-CV-03754-TMC-TER<br><br>**ORDER** |

       The plaintiff, Sharon Wilson ("Wilson"), brought this action pursuant to the Social Security Act ("SSA"), Section 205(g), as amended, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her claim for child's supplemental security income ("SSI") on behalf of her son, MJS. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before this court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's decision. (ECF No. 25).[1] Wilson filed objections to the Report (ECF No. 27), and the Commissioner responded to those objections (ECF No. 29). Accordingly, this matter is now ripe for review.

## BACKGROUND

       Wilson applied for SSI on behalf of her child, MJS, on April 14, 2011, alleging a disability beginning on February 1, 2009. (ECF No. 19 at 2). Wilson's application was denied initially, upon

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

reconsideration, and by the Administrative Law Judge's ("ALJ") decision on September 13, 2013. (ECF No. 15-2 at 22). The Appeals Council remanded for further proceedings in 2015, and a hearing was held on October 22, 2015 before an ALJ. *Id.* The mother and child both testified at the hearing. *Id.* The ALJ issued an unfavorable decision on December 23, 2015, finding that MJS was not disabled within the meaning of the Social Security Act. *Id.* Wilson filed a request for review of the ALJ decision. *Id.* The Appeals Council denied this request for review on November 1, 2016, making the ALJ's decision the Commissioner's final decision. *Id.* Wilson filed this action on November 28, 2016, seeking review of the Commissioner's final decision. (ECF No. 1).

In his decision, the ALJ found that MJS has never engaged in substantial gainful activity and that he suffers from the following severe impairments: attention deficit hyperactivity disorder (ADHD) and oppositional defiant disorder (ODD). (ECF No. 15-2 at 25). The ALJ found that, despite MJS's limitations, he does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart B, Appendix 1. *Id.* Furthermore, the ALJ found that MJS does not have an impairment that functionally equals the severity of the listings in 20 CFR 416.924(d) or in 416.926(a). *Id.* Wilson sought review of her case (on behalf of her son) by the Appeals Council. The Appeals Council denied Wilson's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1–6). This action followed.

**STANDARD OF REVIEW**

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance."

*Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## DISCUSSION

In this appeal of the Commissioner's decision, Wilson argues that the ALJ erred in failing to find marked limitations in the domains of "Attending and Completing Tasks" and "Interacting and Relating with Others," or, in the alternative, in failing to find an extreme limitation in the domain of "Interacting and Relating with Others." (ECF No. 19 at 6). Likewise, Wilson's objections only focused on these two domains. (ECF No. 27).

In her objections to the Report, Wilson contends that the magistrate judge and the ALJ erred by finding that the mixed and contradictory assessments of MJS's condition provided substantial evidence that supported the Commissioner's decision. (ECF No. 27 at 1). Wilson further contends that the magistrate judge's Report "constitute[d] merely a recital of the evidence favorable to the Commissioner and does not examine the entire record as required." (ECF No. 27 at 3). The court finds that Wilson's remaining objections merely repeat the arguments that she

raised to the magistrate judge.² *See Nichols v. Colvin*, No. 2:14-cv-50, 2015 UL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (finding that the rehashing of arguments raised to the magistrate judge does not comply with the requirement to file specific objections). Therefore, this discussion focuses only on Wilson's two specific objections.

**I.**

First, Wilson alleges that the magistrate judge and the ALJ erred in finding that the mixed and contradictory assessments of MJS's condition provided substantial evidence that supported the Commissioner's decision. (ECF No. 27 at 1). Wilson contends that while the evidence conflicts in some instances that these contradictions favor a decision of MJS being *disabled*. (ECF No. 27 at 2).

This court is not charged with conducting a de novo review of the facts of the case and determining the weight it would give each contradicting assessment. In fact, on review of this issue, this court must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

In his Report, the magistrate judge correctly noted that "[w]hile the record contain[ed] facts in favor of both limitations and lack of limitations, the Commissioner and not the court is charged with resolving conflicts in the evidence, and this Court cannot reverse that decision merely because the evidence might permit a different conclusion." (ECF No. 25 at 28 (citing *Shively v. Heckler*,

---

² Wilson's further objections broadly state that she disagrees that the Commissioner's findings were based on substantial evidence. This was the basis of Wilson's appeal, and the magistrate judge thoroughly addressed this in his Report. To the extent that this objection is specific, it is addressed within the discussion of Wilson's two specifically stated objections.

4

739 F.2d 987, 989 (4th Cir. 1984)). Therefore, the magistrate judge did not err in refusing to weigh the contradictory evidence himself.

The magistrate judge thoroughly combed through the facts and analysis of those facts in the ALJ's decision and determined that the ALJ had performed the analysis required by the applicable guidelines, regulations, and policies in regards to weighing the evidence accordingly. (ECF No. 25 at 28). The magistrate judge further found that there was no legal error and that the ALJ's decision was supported by substantial evidence. (ECF No. 25 at 28, 31). This court finds that the magistrate judge was correct in these assessments and that, despite the contradictory testimony, the ALJ's decision, and subsequently the Commissioner's decision, was supported by substantial evidence.

In regards to the domain "Attending and Completing Tasks," the ALJ reviewed the entirety of the record and found the following facts particularly pertinent to this domain: (1) that MJS's teacher reports show that he has problems in this area when he does not take his medication, (2) that his teacher reports show that he functions well when he does take his medication, (3) that MJS receives tutoring and additional support academically at school, (4) that both MJS and his mother reported that he had no side effects from his medication, and (5) that his mother testified that he has problems focusing when his medication wears off but that this does not affect his ability to continue to do activities he enjoys such as watching television and playing video games. (ECF No. 15-2 at 35). Additionally, the ALJ noted that that on June 20, 2011, a DSS medical consultant found less than marked limitations in this domain, and on January 10, 2012, another DSS medical consultant concluded the same. *Id.* Furthermore, the ALJ noted that MJS's teachers rated his limitation in this domain as less than marked as well. *Id.* In reviewing and weighing the entirety of the record, the ALJ was also aware of the following facts pertinent to this domain: that MJS had

5

not failed any grades and has spent the majority of his time at school each day in a regular classroom environment; that MJS is easily upset if he does not understand something; that MJS has problems in math but likes math; that MJS tended to give up on math problems when he felt that they were too difficult for him to solve; that Doctor Joseph indicated medication helped MJS's condition and recommended no additional treatment; that records from the Kershaw Mental Health Clinic showed that MJS and his mother reported symptoms of hyperactivity, inattention, hyper verbal, and oppositional issues; that records of MJS's hospitalization reflect that despite being off his medications for several days, MJS was not excessively hyperactive or inattentive and that he had no difficulty staying on task at that time; and that MJS helps around the house and does what he is told most of the time. (ECF No. 15-2 at 26–31).

Similarly, in regards to the domain "Interacting and Relating with Others," the ALJ reviewed the entirety of the record and found the following facts particularly pertinent to this domain: (1) that Wilson's testimony showed a less than marked limitation in MJS's ability to get along and relate with others, (2) that MJS had a behavior plan at school, has had several suspensions from school, and was put on strict probation during the 2013 – 2014 school year, (3) that on June 20, 2011, a DSS reviewer found a less than marked limitation in this domain, and (4) that on January 10, 2012, another DSS reviewer found a less than marked limitation in this domain. (ECF No. 15-2 at 36). In addition to these facts, the ALJ took into account all other facts in the record. (ECF No. 15-2 at 26). In reviewing and weighing the entirety of the record, the ALJ was also aware of the following facts pertinent to this domain: that MJS likes to play with his younger nephews but has problems getting along with his sister; that he has problems controlling his anger at school and has gotten into several fights; that MJS threatened to kill another student, which resulted in an involuntary psychiatric admission; that when on medication there is a notable

6

difference in his demeanor; that the medical records indicate that his symptoms in the school setting might be attributable to environmental factors; that MJS has friends his own age; MJS had behavioral issues at camp; and that while MJS's teachers have noted MJS's potential limitations in regards to this domain, they do note that with his medication he gets along with peers and behaves appropriately. (ECF No. 15-2 at 26–31).

Wilson and the magistrate judge are correct that the record contains facts both favorable and unfavorable to the claimant. However, the ALJ and subsequently the Commissioner, not this court, is charged with weighing that evidence in determining whether or not the claimant is disabled within the meaning of the Social Security Act. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). Therefore, it is the duty of this court to uphold the Commissioner's decision so long as the Commissioner applied the proper legal standards in evaluating claimant's case and so long as the Commissioner's decision is supported by substantial evidence, regardless of how this court would have weighed the evidence itself. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). This court finds that the Commissioner's decision is supported by substantial evidence despite the contradictory assessments because there is a sound foundation for the Commissioner's findings and because the decision that MJS is not disabled is a rational one based on the presented evidence. *See e.g. Vitek v. Finch*, 438 F.2d 1157, 1157–58 (4th Cir. 1971).

Commissioner specifically stated in his decision that his assessment of the child is "based on the assumption that the adults responsible for [MJS] at school and home ensure that he takes his medication as prescribed." (ECF No. 15-2 at 32). For both domains, "Attending and Completing Tasks" and "Interacting and Relating with Others," there was ample testimony that MJS's behavioral, social, and academic problems improved with the use of his medication. (ECF No. 15-2 at 27, 28, 29, 30, 31). These statements came from Wilson, MJS, MJS's teachers, and

MJS's medical providers. (ECF No. 15-2 at 27, 28, 29, 30, 31). It was within the ALJ's discretion to take this evidence into account when weighing the contradictory assessments within the record, which he did. Furthermore, the ALJ performed the analysis required under the applicable guidelines and regulations in reaching his conclusion. His decision is rational and well-supported by the evidence in the record, and, therefore, this court finds his decision was supported by substantial evidence. Accordingly, this objection is overruled.

**II.**

Second, Wilson alleges that the magistrate judge merely examined the evidence favorable to the Commissioner instead of examining the record thoroughly. (ECF No. 27 at 3). Wilson contends that while the magistrate judge "very thoroughly recites the evidence in the case in a chronological sequence" that this does not constitute a sufficient examination under the case law. (ECF No. 27 at 2). Additionally, Wilson states that the ALJ merely "cherry picked" facts from the record that supported his initial decision, which had subsequently been remanded. (ECF No. 27 at 4).

This contention essentially negates Wilson's prior objection that the magistrate judge and the ALJ did not weigh the "contradictory evidence" accordingly. For there to be an issue on the weight given to the conflicting evidence, the evidence must first *conflict*. The evidence at issue would not conflict if the ALJ and the magistrate had simply selected (or "cherry picked") information that was favorable only to the ultimate decision that MJS was not disabled under the Social Security Act. Therefore, it is inherently paradoxical to object both to the weight given to contradictory evidence and to the selection of evidence only favorable to one side.

As for the domain of "Attending and Completing Tasks," the magistrate judge discussed the following facts in addition to the facts that were favorable to the Commissioner's decision: that

8

that MJS is easily upset when he does not understand something, that MJS has difficulty in math, that his teachers discussed how he has problems focusing if he does not take his medication, and that Wilson testified that MJS has problems focusing in school. (ECF No. 25 at 29). Similarly, as for the domain of "Interacting and Relating with Others," in addition to the facts that favored the Commissioner's decision, the magistrate judge discussed how teachers rated MJS significant in areas of aggression, conduct problems, withdrawal and social skills; how MJS had threatened to kill a classmate; how MJS has behavioral issues at camp; and how his fourth grade teacher considered MJS to have serious problems with asking permission, obeying adults, and following rules. (ECF No. 25 at 27–28). However, despite these facts, the magistrate judge properly determined that the Commissioner's decision was supported by substantial evidence. The magistrate noted that "[t]he question is not whether the evidence *could* support a finding of marked limitations, but whether the evidence *does* support the finding of less than marked limitations." (ECF No. 25 at 31) (emphasis added). The magistrate judge again discussed how there were facts in favor of both limitations and lack of limitations, but that the ALJ had used the proper procedures in weighing this contradictory testimony in making his decision.

As for the Commissioner, the ALJ's decision continuously stated that he considered *all* of the evidence in the record when making his determinations. (ECF No. 15-2 at 22, 25). Though the ALJ, and subsequently the Commissioner, ultimately came to the conclusion that MJS was not disabled as set forth under the Social Security Act, he weighed the contradictory evidence according to the applicable standards, as discussed above. Therefore, this court finds that the Commissioner sufficiently and adequately reviewed the entire record, including those facts that disfavored his determination, in reaching his decision. Accordingly, this objection is overruled.

**CONCLUSION**

After carefully reviewing the record, the court finds that the ALJ, in reviewing the medical history and subjective testimony, conducted a thorough and detailed review of MJS's impairments, Wilson's arguments, and MJS's functional capacity. Likewise, the magistrate judge considered each of Wilson's arguments and properly addressed each in turn, finding them without merit. Having conducted the required de novo review of the issues to which Wilson has objected, the court finds no basis for disturbing the Report. Therefore, the court adopts the Report (ECF No. 25) and incorporates it herein. Accordingly, for the reasons set out above and in the Report, the Commissioner's decision is **AFFIRMED.**

**IT IS SO ORDERED.**

s/ Timothy M. Cain
United States District Judge

Anderson, South Carolina
November 3, 2017